UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHSUETTS

| | |
|---|---|
| TANYA JONES,<br><br>  Plaintiff,<br><br>v.<br><br>WALGREENS CO.,<br><br>  Defendant. | Civil Action No.:<br><br><br><br>**JURY DEMAND** |

**COMPLAINT AND JURY DEMAND**

I. Introduction

1. This action arises out of the unlawful conduct of the defendant, Walgreens Co ("Walgreens" or "Defendant"), which violated the rights of the plaintiff, Tanya Jones, under the Massachusetts Earned Sick Time Law and the Family and Medical Leave Act (FMLA) by retaliating against Ms. Jones for taking sick leave to take care of her terminally ill child. Rather than allow Ms. Jones sick leave and provide her with leave under the FMLA, Walgreens terminated her employment. In doing so, Walgreens violated Ms. Jones' rights under state and federal employment anti-discrimination laws, M.G.L. c. 149 § 148C and 42 U.S.C. § 12111 et seq., causing her lost income, emotional distress, and other damages.

II. Parties

2. Tanya Jones is a resident of Dorchester, Massachusetts and former employee of Walgreens.

3. Defendant, Walgreens Co. (hereinafter referred to as "Walgreens" or "Defendant") is a for-profit corporation operating a chain of pharmacies and convenient stores. It is headquartered in Deerfield, Illinois.

III. <u>Facts</u>

4. Jones began employment with Walgreens as a shift supervisor in or about November 2016 at a Boston location. She earned an hourly wage.

5. Walgreens had over fifty employees within a seventy-five mile radius of the store at which Jones worked during the time of her employment.

6. Jones performed her job adequately during the period of her employment.

7. Jones averaged between 45 and 55 hours per week.

8. During her employment with Walgreens, Jones lived with her son, who at some point was diagnosed with brain cancer.

9. At some point prior to her termination, Jones notified her supervisor of her son's diagnosis and her need to attend medical appointments for her son.

10. Upon information and belief, Walgreens did not provide any information to Jones of the Massachusetts Earned Sick Time Law or information on the number of earned sick days that she had under the law.

11. Despite Jones advising Walgreens about her son's medical condition and her need to attend his appointments, Walgreens never provided Jones any FMLA forms so that she could submit a request for leave under the FMLA to attend his appointments.

12. Jones was lawfully entitled to invoke her right under the FMLA to attend her son's medical appointments for up to twelve weeks of intermittent or continual leave.

13. On or about February 14, 2019, Jones attended an appointment for her son as he was preparing for surgery.

14. Jones' supervisor knew that she attended the appointment. He notified her during this appointment that he was taking her off the schedule due to her attending her son's

appointments, effectively terminating her employment.

15.     Walgreen's terminated Jones' employment because she took or requested sick leave or leave protected by the FMLA.

16.     By terminating Jones' employment, Defendant interfered with Jones' right to take FMLA leave.

17.     Defendant's actions caused significant damages, including but not limited to lost wages and emotional distress.

## COUNT I

### Violation of Earned Sick Time Law
### M.G.L. c. 149 § 148C

The actions of Defendant as set forth above, including, *inter alia*, terminating Plaintiff's employment because she took earned sick time or what she reasonably believed was earned sick time, constitutes a violation of M.G.L. c. 149 § 148C, causing damages.

## COUNT II

### Interference in Violation of the Family and Medical Leave Act
### 29 U.S.C. § 2615(a)(1)

The actions of Defendant as set forth above, including, *inter alia*, terminating Plaintiff's employment during her leave under the Act, constitute interference with rights protected under 29 U.S.C. § 2615(a)(1), causing damages.

## COUNT III

### Retaliation in Violation of the Family and Medical Leave Act
### 29 U.S.C. § 2615(a)(2)

The actions of Defendant as set forth above, including, *inter alia*, terminating Plaintiff's employment because she took leave protected under the Act, constitute retaliation for engaging in rights protected under 29 U.S.C. § 2615(a)(2), causing damages.

**WHEREFORE**, Plaintiff prays this Court:

1. ORDER Defendant to pay compensatory damages to Plaintiff for lost wages, front pay, including benefits, emotional distress, treble damages, and attorneys' fees under M.G.L. c. 149, § 148C;

2. ORDER Defendant to pay liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii) and Plaintiff's attorneys' fees and costs as allowed by law;

3. ORDER Defendant to reinstate the Plaintiff without loss of compensation or benefits under 29 U.S.C. § 2617(a)(1)(B); and

4. ORDER Defendants to pay costs, expenses, pre-judgment and post-judgment interest; and

5. Any further relief as is just and necessary.

**Plaintiff demands a trial by jury on all claims properly triable by a jury.**

Respectfully submitted,

TANYA JONES,
By her attorneys,

Joseph L. Sulman, BBO #663635
Law Office of Joseph L. Sulman
391 Totten Pond Road, Suite 402
Waltham, MA 02451
(617) 521-8600
jsulman@sulmanlaw.com

Dated: July 30, 2020